# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13-CV-105-RLV-DCK

| | |
|---|---|
| JEREMY R. REID, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DALCO NONWOVENS, LLC; )<br>JASON LOGAN; AND )<br>RALPH SHERMAN, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Supplemental Memorandum filed in response to the Court's "show cause" order dated January 4, 2016 (the "Prior Order"). [Doc. No. 65]. For the reasons that follow, the Court finds that Plaintiff's Supplemental Memorandum has failed to demonstrate a genuine dispute of material fact for trial respecting his negligent infliction of emotional distress ("NIED") claim against Defendant Dalco Nonwovens, LLC (hereinafter, "Defendant" or "Dalco"). Accordingly, summary judgment is **HEREBY GRANTED** to Defendant Dalco on this claim.

## I. BACKGROUND

The relevant facts surrounding this dispute are set-out more fully in this Court's Prior Order and will not be reiterated here. *See Reid v. Dalco Nonwovens, LLC*, ___ F. Supp. 3d ___, 128 Fair Empl. Prac. Cas. (BNA) 888, 2016 U.S. Dist. LEXIS 421 (W.D.N.C. Jan. 4, 2016). In the Prior Order, the Court *sua sponte* took issue with Plaintiff's NIED claim, as alleged against the Defendant. *See Reid*, 2016 U.S. Dist. LEXIS 421 at *54-59. Specifically, the Court was concerned with whether the Plaintiff had demonstrated a genuine issue for trial on the "severe emotional

distress" element of that claim. *See Reid*, 2016 U.S. Dist. LEXIS 421 at *54-59. Because the Court determined that the evidence before it did not demonstrate a genuine issue for trial, the Court ordered the Plaintiff to "show cause" as to why summary judgment should not be entered in Defendant's favor on the NIED claim. *Id.*; *see also* Fed. R. Civ. Pro. 56(f)(2). Plaintiff responded to the Court's Prior Order on January 7, 2016. [Doc. No. 65]. Plaintiff's Supplemental Memorandum is now ripe for review.

**II.    DISCUSSION**

A.    Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to support or oppose a summary judgment motion, a party is required to cite to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials;" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *accord Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) (applying former version of Rule 56); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (same).

It is well-established that the mere existence of "some" factual disputes will not defeat summary judgment; rather, the dispute presented must be "genuine" and concern "material" facts. *Anderson*, 477 U.S. at 247-248 (emphasis in original); *see also Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Only legitimate disputes over facts that might affect the outcome of the suit under relevant governing law fall within that category. *See Fields v. Verizon Servs. Corp.*, 493 Fed. App'x 371, 374 (4th Cir. 2012). A dispute is "genuine" if "a reasonable jury could return a

verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Abstract or conjectural doubts, minor discrepancies, and points irrelevant to the "material" facts are not genuine or significant and do not cast sufficient doubt on the validity of testimony to preclude the entry of summary judgment. *Emmett*, 532 F.3d at 297; *Hux v. City of Newport News, Va.*, 451 F.3d 311, 315 (4th Cir. 2006). The non-movant cannot demonstrate a triable issue of disputed fact by building one inference upon another. *Emmett*, 532 F.3d at 297 (citing *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Although it is certainly true that "the facts and all reasonable inferences must be viewed in the light most favorable to the non-moving party," *Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (en banc), it is equally true that a court is "well within its discretion in refusing to ferret out the facts [and inferences] that counsel has not bothered to excavate." *Cray Commc'ns. Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 396 (4th Cir. 1994).

### B. Plaintiff has Failed to Demonstrate a Genuine Issue for Trial on his NIED Claim

In the Supplemental Memorandum, the Plaintiff takes issue with the Court's prior observation that Plaintiff has not produced sufficient medical evidence of "severe emotional distress" to surpass the hurdle of summary judgment. Plaintiff argues that, under North Carolina law, he is not required to secure expert testimony or admissible medical documentation of his distressed mental state. *See* [Doc. No. 65] at pp. 1-3. Instead, Plaintiff argues that North Carolina law allows a claim for NIED to proceed if the "severe emotional distress" element is shown through other means, such as the Plaintiff's testimony, as well as the testimony of his friends, family, and others. *See* [Doc. No. 65] at p. 1 (citing *Coffman v. Roberson*, 571 S.E.2d 255, 261,

153 N.C. App. 618 (N.C. Ct. App. 2002)). Plaintiff's argument, however, ignores the *other* issue raised by the Court in the Prior Order – that the distress purportedly suffered by Plaintiff is not sufficiently "severe" to create a jury issue on the "severe emotional distress" element of his claim. It is on this basis that the Court's "show cause" order was primarily grounded.

Under North Carolina law, "severe emotional distress" requires more evidence than testimony of mere misery, worry, or depression. Rather, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Waddle v. Sparks*, 414 S.E.2d 22, 27-28, 331 N.C. 73 (N.C. 1992) (quoting Restatement (Second) of Torts § 46 cmt. j (1965) (emphasis omitted)). "Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people." *Id.* It is for this Court to determine whether Plaintiff has brought forth sufficient evidence of "severe emotional distress," such that the evidence can then be turned over to a jury to determine whether the distress, in fact, occurred. *Id.*

In the Prior Order, the Court examined the Plaintiff's deposition testimony and found that such evidence was insufficient to create a jury issue on the "severe emotional distress" element of his NIED claim. Thus, Plaintiff's claim can only survive if he has brought forth additional evidence to demonstrate that he experienced distress beyond that which an ordinary person is expected to endure as a member of a shared society. *Accord Waddle*, 414 S.E.2d at 27. The Court has reviewed the evidence submitted in support of the Plaintiff's Supplemental Memorandum and finds that this additional evidence does not create a jury issue respecting whether the Plaintiff suffered distress that is more severe than a reasonable person would be expected to endure. *Id.* Plaintiff has forecast no additional evidence that will be brought to trial other than his own testimony. Thus, the Court is satisfied that the current record accurately reflects the evidence that would be introduced at trial

on this issue. Based on the record before it, the reasoning contained in this Order, and the reasoning contained in the Prior Order, the Court finds that no jury issue exists on the Plaintiff's NIED claim against Dalco. Accordingly, summary judgment is appropriately entered in Dalco's favor.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Summary Judgment is **HEREBY GRANTED** to Defendant Dalco respecting Plaintiff's NIED claim; and

(2) The trial of this matter will proceed during the Court's March Term, beginning February 29, 2016, as previously ordered.

**SO ORDERED**.

Signed: February 3, 2016

Richard L. Voorhees
United States District Judge